## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

TURTLE ISLAND FOODS,     )
SPC, et al.               )
                           )
       Plaintiffs,     )
                           )
       v.            )      No. 18-cv-4173
                           )
MARK RICHARDSON,     )
                           )
       Defendant.     )

## STATE OF MISSOURI'S ANSWER TO PLAINTIFFS' COMPLAINT

Intervenor State of Missouri ("the State"), by and through its Attorney General, states as follows for its Answer to Plaintiffs' Complaint.

### "INTRODUCTION"

1.      The first sentence of Paragraph 1 of Plaintiffs' Complaint contains a characterization of that pleading which requires no response from the State. The second sentence of Paragraph 1 contains a legal characterization that the State denies. The State admits that the current version of Mo. Rev. Stat. § 265.494(7) has been effective as law since August 28, 2018. Further answering, the State affirmatively states that a violation of Mo. Rev. Stat. § 265.494(7) is a Class A misdemeanor. Mo. Rev. Stat. § 265.496.

2.      The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint

concerning Plaintiffs, and therefore denies the same. Paragraph 2 also contains a characterization of the pleading which requires no response from the State. To the extent a response is required, the State denies the allegations in Paragraph 2.

3.      Paragraph 3 of Plaintiffs' Complaint consists of legal conclusions and arguments that the State is not required to admit or deny. To the extent a response is required, the State denies the allegations in Paragraph 3.

### "JURISDICTION AND VENUE"

4.      The State admits that this Court has jurisdiction.

5.      The State admits that venue is proper in the Western District of Missouri.

6.      If, by "L.R. 3.1(a)(2) and L.R. 3.1(b)(2)," Plaintiffs intended to refer to L.R. 3.2(a)(2) and L.R. 3.2(b)(2), the State admits that venue is proper in this division pursuant to those provisions of the local rules. Otherwise, denied.

### "PARTIES"

7.      The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiffs' Complaint and therefore denies the same.

8.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiffs' Complaint and therefore denies the same.

9.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiffs' Complaint and therefore denies the same.

10.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11.     The allegations contained in Paragraph 11 of Plaintiffs' Complaint are not asserted against the State, and therefore no response to such allegations is required by the State. To the extent a response from the State is required, the State admits that Mark Richardson presently is the Cole County Prosecuting Attorney. Otherwise, denied.

12.     The allegations contained in Paragraph 12 of Plaintiffs' Complaint are not asserted against the State, and therefore no response to such allegations is required by the State. To the extent a response from the State is required, denied.

## "FACTS"

## "Plant-Based and Clean Meats"

13.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' Complaint and therefore denies the same.

14.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiffs' Complaint and therefore denies the same.

15.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' Complaint and therefore denies the same.

16.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint and therefore denies the same.

## "History of the Statute"

17.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint and therefore denies the same.

18.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiffs' Complaint and therefore denies the same.

19.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiffs' Complaint and therefore denies the same.

20.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiffs' Complaint and therefore denies the same.

21.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Complaint and therefore denies the same.

22.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiffs' Complaint and therefore denies the same.

23.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore denies the same.

24.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiffs' Complaint and therefore denies the same.

25.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiffs' Complaint and therefore denies the same.

26.     The State admits that the challenged statute was signed into law on June 1, 2018 by then-Governor Eric Greitens.

27.     The State admits that the challenged statute is codified as Mo. Rev. Stat. § 265.494(7) and went into effect on August 28, 2018.

## "Language and Scope of the Statute"

28.     The State admits that Paragraph 28 of Plaintiffs' Complaint accurately quotes a portion of Mo. Rev. Stat. § 262.900.1(8).

29.     The State admits that Paragraph 29 of Plaintiffs' Complaint accurately quotes a portion of Mo. Rev. Stat. § 265.494(7).

30.     The State admits that Paragraph 30 of Plaintiffs' Complaint accurately quotes a portion of Mo. Rev. Stat. § 265.494.

31.     Mo. Rev. Stat. §265.496 speaks for itself. Paragraph 31 of Plaintiffs' Complaint consists of legal conclusions and arguments that the State is not required to admit or deny.

## "Consumers Are Not Confused"

32.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' Complaint and therefore denies the same.

33.     The State admits that the Office of Attorney General has not received complaints from consumers who claim they accidentally purchased plant-based products that they believed to be meat from slaughtered animals.

The State also states that the Attorney General is charged with enforcing the Missouri Merchandising Practices Act against unfair and deceptive business practices.

34. The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiffs' Complaint and therefore denies the same.

35. The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiffs' Complaint and therefore denies the same.

36. The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiffs' Complaint and therefore denies the same.

37. The State is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiffs' Complaint and therefore denies the same.

38. The State admits that footnote 9 to Paragraph 38 of Plaintiffs' Complaint accurately quotes portions of the documents cited therein, and states that the FDA guidance documents cited therein speak for themselves. The State is without sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 38 and therefore denies the same.

39.     The State is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 39 of Plaintiffs' Complaint and therefore denies the same.

**"The Statute Violates Plaintiffs' Speech Rights"**

40.     Paragraph 40 of Plaintiffs' Complaint contains legal conclusions and arguments that the State is not required to admit or deny.

41.     Paragraph 41 of Plaintiffs' Complaint contains legal conclusions and arguments that the State is not required to admit or deny. To the extent a response is required, the State denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     Paragraph 42 of Plaintiffs' Complaint consists of a legal characterization that the State denies.

43.     Paragraph 43 of Plaintiffs' Complaint consists of a legal characterization that the State denies.

44.     The State is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiffs' Complaint and therefore denies the same.

45.     Paragraph 45 of Plaintiffs' Complaint consists of legal conclusions and arguments that the State is not required to admit or deny. To the extent a response is required, the State denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Paragraph 46 of Plaintiffs' Complaint contains legal characterizations that the State denies, and legal conclusions and arguments that the State is not required to admit or deny. To the extent a response is required to those conclusions and arguments, the State denies them.

47. Paragraph 45 of Plaintiffs' Complaint consists of legal conclusions and arguments that the State is not required to admit or deny. To the extent a response is required, the State denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Paragraph 45 of Plaintiffs' Complaint consists of general legal conclusions and arguments that the State is not required to admit or deny.

**"Other Laws Already Prevent Actually Misleading or Deceptive Labeling"**

49. Paragraph 49 of Plaintiffs' Complaint consists of general legal conclusions and arguments that the State is not required to admit or deny.

50. Paragraph 50 of Plaintiffs' Complaint contains legal conclusions that the State is not required to admit or deny. The State admits that Paragraph 50 of Plaintiffs' Petition accurately quotes a portion of Mo. Rev. Stat. § 570.140.

51. Paragraph 51 of Plaintiffs' Complaint consists of legal conclusions and arguments that the State is not required to admit or deny.

52.     Paragraph 52 of Plaintiffs' Complaint contains legal conclusions that the State is not required to admit or deny. The State admits that Paragraph 52 of Plaintiffs' Petition accurately quotes a portion of 21 U.S.C. § 343(a).

53.     The State is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 53 of Plaintiffs' Complaint and therefore denies the same.

54.     The State affirmatively states that the Federal Trade Commission enforces 15 U.S.C. § 45. The State is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 54 of Plaintiffs' Complaint and therefore denies the same.

55.     Paragraph 5 of Plaintiffs' Complaint contains a legal conclusion that the State is not required to admit or deny. The statutes and laws governing the respective jurisdiction and enforcement authority of the FTC and FDA speak for themselves. To the extent a response from the State is required, denied.

56.      The statutes and laws governing the jurisdiction and enforcement authority of the FTC speak for themselves. To the extent a response from the State is required, denied.

57.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 57 of Plaintiffs' Complaint and therefore denies the same.

58.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 57 of Plaintiffs' Complaint and therefore denies the same.

59.     The State admits that Paragraph 59 of Plaintiffs' Complaint accurately quotes a portion of the document cited in footnote 13 of Plaintiffs' Complaint. The State otherwise denies any remaining allegations in paragraph 59.

60.     Paragraph 60 of Plaintiffs' Complaint consists of legal conclusions and arguments that the State is not required to admit or deny. To the extent a response from the State is required, denied.

61.     Paragraph 61 of Plaintiffs' Complaint contains a legal characterization that the State denies. To the extent a response from the State is required, denied.

62.     Denied.

**"Effect of the Statute on Plaintiffs"**

63.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 63 of Plaintiffs' Complaint and therefore denies the same.

64.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 64 of Plaintiffs' Complaint and therefore denies the same.

65.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 65 of Plaintiffs' Complaint and therefore denies the same.

66.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 66 of Plaintiffs' Complaint and therefore denies the same.

67.     Paragraph 67 makes legal conclusions concerning the operation of the Statute to which no response is required. However, to the extent a response is required, the State denies. The State is without sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 67 of Plaintiffs' Complaint and therefore denies the same.

68.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 68 of Plaintiffs' Complaint and therefore denies the same.

69.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 69 of Plaintiffs' Complaint and therefore denies the same.

70.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 70 of Plaintiffs' Complaint and therefore denies the same.

71.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 71 of Plaintiffs' Complaint and therefore denies the same.

72.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 72 of Plaintiffs' Complaint and therefore denies the same.

73.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 73 of Plaintiffs' Complaint and therefore denies the same.

74.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 74 of Plaintiffs' Complaint and therefore denies the same.

75.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 75 of Plaintiffs' Complaint and therefore denies the same.

76.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 76 of Plaintiffs' Complaint and therefore denies the same.

77.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 77 of Plaintiffs' Complaint and therefore denies the same.

78.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 78 of Plaintiffs' Complaint and therefore denies the same.

79.     The State is without sufficient information or knowledge to form a belief as to the allegations in the first sentence of Paragraph 79 of Plaintiffs' Complaint and therefore denies the same. The second sentence of Paragraph 79 states legal conclusions to which no response is required. However, to the extent a response is required, denied.

80.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 80 of Plaintiffs' Complaint and therefore denies the same.

81.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 81 of Plaintiffs' Complaint and therefore denies the same.

82.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 82 of Plaintiffs' Complaint and therefore denies the same.

83.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 83 of Plaintiffs' Complaint and therefore denies the same.

84.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 84 of Plaintiffs' Complaint and therefore denies the same.

85.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 85 of Plaintiffs' Complaint and therefore denies the same.

86.     The State is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 86 of Plaintiffs' Complaint and therefore denies the same.

87.     Paragraph 87 of Plaintiffs Complaint contains a legal characterization that the State denies, and legal conclusions and arguments that the State is not required to admit or deny. To the extent a further response is required, the State is without sufficient information or knowledge to form a belief as to the remaining allegations contained in Paragraph 87 of Plaintiffs' Complaint and therefore denies the same.

88.     Paragraph 88 of Plaintiffs' Complaint contains legal conclusions and arguments that the State is not required to admit or deny. To the extent a response is required, the State is without sufficient information or knowledge

to form a belief as to the remaining allegations in Paragraph 88 of Plaintiffs' Complaint and therefore denies the same.

89.     The State is without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 89 of Plaintiffs' Complaint and therefore denies the same.

"DEFENDANT CLASS ALLEGATIONS"

90.     Admit that Defendant is a Missouri prosecuting attorney. Otherwise denied.

91.     Admit that defendant and other prosecuting attorneys in Missouri have enforcement authority as set forth in Missouri law. Otherwise denied.

92.     Admit that Missouri's counties and the City of St. Louis have prosecuting attorneys. Otherwise denied.

93.     Denied.

94.     Denied.

95.     The State is without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 95 of Plaintiffs' Complaint and therefore denies the same.

96.     The State states that the Statute speaks for itself with respect to allocation of enforcement authority. Otherwise, the State is without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 96 of Plaintiffs' Complaint and therefore denies the same.

**"COUNT I"**

**"Violation of Civil Rights – 42 U.S.C. § 1983
First Amendment"**

97.     As to Paragraph 97 of Plaintiffs' Complaint, the State admits and denies Paragraphs 1 through 96 of Plaintiffs' Complaint in accordance with the State's answers to each as if set forth herein.

98.     Paragraph 98 of Plaintiffs' Complaint consists of legal conclusions and arguments that the State is not required to admit or deny. However, to the extent Paragraph 98 implies that Statute violates Plaintiffs' constitutional rights, denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Paragraph 102 of Plaintiffs' Complaint consists of legal conclusions and arguments that the State is not required to admit or deny. However, to the extent a response is required, denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

**"COUNT II"**

**"Violation of Civil Rights – 42 U.S.C. § 1983
Dormant Commerce Clause"**

108.   As to Paragraph 108 of Plaintiffs' Complaint, the State admits or denies Paragraphs 1 through 107 of Plaintiffs' Complaint in accordance with the State's answers to each as if set forth herein.

109.   Denied.

110.   Denied.

111.   The State is without sufficient information or knowledge to form a belief as to the allegations in the first sentence of Paragraph 111 of Plaintiffs' Complaint and therefore denies the same. The allegations in Paragraph 111 assert legal conclusions and arguments that the State is not required to admit or deny. To the extent a response to those allegations is required, denied.

112.   Denied.

113.   The allegations in the first sentence of Paragraph 113 are denied. The State is without sufficient information or knowledge to form a belief as to the remaining allegations contained in Paragraph 113 of Plaintiffs' Complaint and therefore denies the same.

114.   The State is without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 114 of Plaintiffs' Complaint and therefore denies the same.

115. Denied.

116. Denied.

## "COUNT III"

## "Violation of Civil Rights – 42 U.S.C. § 1983
## Due Process"

117. As to Paragraph 117 of Plaintiffs' Complaint, the State admits or denies Paragraphs 1 through 116 of Plaintiffs' Complaint in accordance with the State's answers to each as if set forth herein.

118. Denied.

### "PRAYER FOR RELIEF"

119. The State denies each and every allegation of Plaintiffs' Complaint not herein specifically admitted.

120. The State denies that Plaintiffs are entitled to any of the relief requested in Plaintiffs' Prayer for Relief or anywhere else in the Complaint.

## Affirmative and Other Defenses

121. Count I fails to state a claim for which relief can be granted. Therefore, County I should be dismissed under Fed. R. Civ. P. 12(b)(6).

122. Count II fails to state a claim for which relief can be granted. Therefore Count II should be dismissed under Fed. R. Civ. P. 12(b)(6).

123. Count III fails to state a claim for which relief can be granted. Therefore Count III should be dismissed under Fed. R. Civ. P. 12(b)(6).

124. To the extent that Plaintiffs are seeking fees, costs, or other monetary relief, any attempt to recover such fees, costs, or other monetary relief against the State is barred by state sovereign immunity and the residual structural principles of federalism in the United State Constitution.

125. Plaintiffs have failed to join all required parties under Rule 19.

126. The suit is not justiciable because of a lack of standing or ripeness.

127. The suit fails to satisfy the requirements for declaratory and injunctive relief.

128. In further defense, the State incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. The State specifically reserves the right to amend its answer to include affirmative defenses at the time they are discovered.

WHEREFORE, having fully answered, Defendants pray that the Court dismiss Plaintiffs' Petition, for Defendants' costs herein expended, and for such other and further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

JOSHUA D. HAWLEY
Attorney General

*/s/Julie Marie Blake*
Ryan Bangert, No. 69644
  Deputy Attorney General
Julie Marie Blake, No. 69643
  Deputy Solicitor General
P.O. Box 899
Jefferson City, MO 65102-0899
(573) 751-1800
(573) 751-0774 (fax)
Ryan.Bangert@ago.mo.gov
Julie.Blake@ago.mo.gov

Peter A. Houser
Assistant Attorney General
Missouri Bar No. 71278
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8772
(573) 751-9456 (fax)
Peter.Houser@ago.mo.gov

*Attorneys for Defendant State
of Missouri*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, to be served on all counsel of record.

/s/ *Julie Marie Blake*
Julie Marie Blake