IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| Turtle Island Foods, SPC, doing business as | ) | |
| The Tofurky Company; and | ) | |
| The Good Food Institute | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-4173-FJG |
| | ) | |
| Mark Richardson, in his official capacity as | ) | |
| Cole County Prosecuting Attorney and | ) | |
| on behalf of all Missouri Prosecuting Attorneys, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO SUGGESTIONS IN OPPOSITION TO
MOTION FOR CLASS CERTIFICATION**

**Introduction**

The State of Missouri correctly acknowledges that "Rule 23 governs the certification of a class of defendants, just as it governs certification of a class of plaintiffs." ECF No. 38 at 4. Nevertheless, the State argues that defendant class actions are "seldom certified." *Id.* at 3. There is a simple reason for this: defendant class actions are seldom certified because parties rarely bring such cases, and there are limited circumstances where a defendant class is appropriate.

This case, however, fits squarely within those circumstances. Indeed, "[a]lthough courts have tended to disfavor defendant class actions, they have recognized the utility of these actions to enjoin governmental officials from enforcing locally-administered state statutes which are defective." *Akron Center for Reproductive Health*, 110 F.R.D. 576, 580 (N.D. Ohio 1986) (granting class certification of defendant class of Ohio prosecutors) (citations omitted); *see also Strawser v. Strange*, 307 F.R.D. 604, 611 (S.D. Ala. 2015) (granting class certification of

1

defendant class of all Alabama county probate judges and noting: "many courts [] have certified defendant classes of local or county-level officials in cases that challenge a law executed at a local level" (citations omitted)).

Other cases support the same conclusion. *See, e.g.*, *Hunter v. Underwood*, 471 U.S. 222, 224 (1985) (noting that district court certified a "defendant class of all members of the 67 Alabama County Boards of Registrars"); *Doe v. Miller*, 405 F.3d 700, 705–06 (8th Cir. 2005) (addressing constitutionality of state statute in case involving a "defendant class, including all of Iowa's county attorneys"); *Kennard v. Kleindienst*, 2015 WL 4076473, at *3 n.1 (W.D. Mo. 2015) (granting plaintiff's motion for attorney's fees in case involving defendant class which consisted of all Missouri Recorders of Deeds).

Similarly, a Defendant Class consisting of all Missouri prosecuting attorneys who enforce the laws of the State of Missouri, including Mo. Rev. Stat. § 265.494(7), as amended by 2018 Senate Bills 627 and 925 (the Statute) is appropriate, because it satisfies the requirements of Rule 23(a) and (b).

## Argument

**I) The Proposed Defendant Class Satisfies All Rule 23(a) Requirements.**

### 1. Numerosity

The State does not challenge numerosity, so this factor is satisfied.

### 2. Commonality

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In *Ebert v. General Mills, Inc.*, 823 F.3d 472 (8th Cir. 2016), this Court, citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), noted that "a single common question 'will do' for purposes of Rule 23(a)(2)." *Ebert*, 823 F. 3d at 478; *see also DeBoer v. Mellon Mortgage*

2

*Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) ("Commonality is not required on every question raised in a class action."). Under Rule 23(a)(2), the common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Sandusky Wellness Ctr., LLC v. Medox Sci., Inc.*, 821 F.3d 992, 998 (8th Cir. 2016) (quoting *Wal-Mart*, 564 U.S. at 350). Applying the foregoing standards, this Court should find that commonality is clearly satisfied here.

In their Complaint, Plaintiffs allege that the "Statute is unconstitutional on its face and as applied to them." ECF No. 1 at ¶ 2.[1] In addition, Plaintiffs allege that "[t]he Statute is a content-based, overbroad, and vague criminal law that prevents the sharing of truthful information and impedes competition by plant-based and clean-meat companies in the marketplace." *Id.* at ¶ 3. Finally, based on the "history, context, and language of the Statute," Plaintiffs allege that the Statute "prohibit[s] them from marketing their products as 'meat' analogues or using the term 'meat' or related meat terminology (e.g. 'chicken,' 'beef,' 'sausage') in the advertising, labeling, and packaging of their products." *Id.* at ¶ 23.[2]

Consistent with these allegations, in their opening brief, Plaintiffs noted that "[t]he sole question of this case is common to the Proposed Defendant Class: whether Mo. Rev. Stat. § 265.494(7)'s requirement prohibiting vegetarian-meat sellers from using 'meat' or meat-related term is in constitutional." ECF No. 32 at 4.[3] In response, the State argues that this common

---

[1] The State suggests that it is unclear whether Plaintiffs raised a facial or as-applied challenge. The Complaint alleges both.
[2] The State does not dispute the sufficiency of the factual basis for the request for certification of a defendant class. The record contains significant evidence supporting the allegations in the Complaint. *See* ECF Nos. 24-1, 24-2, 24-3, 24-4, 24-5.
[3] Likewise the constitutionality of this prohibition to cell-based meat is a common question.

3

question fails to satisfy the commonality requirement because it is based on "a requirement that does not exist." ECF No. 38 at 6. In support, the State argues that the "statute has no requirement forbidding particular words or terminology;" instead the Statute "forbids '*misrepresenting* a product as meat that is not derived from harvested production livestock or poultry.'" *Id*. (quoting Mo. Rev. Stat. §265.494(7) (emphasis in original)).[4]

The State's argument misconstrues the common question. Simply put, consistent with the allegations in the Complaint, the common question is whether the Statute is unconstitutional—on its face and as applied. Specifically, Plaintiffs allege that the statute violates the First Amendment by prohibiting them "from marketing their products as 'meat' analogues or using the term 'meat' or related meat terminology." ECF No. 1 ¶ 23. And Plaintiffs allege that the statute does this via its rule against "misrepresent[ing] a product as meat that is not derived from harvested production livestock or poultry.'" *See* ECF No. 1 ¶¶ 1, 23, 29; Mo. Rev. Stat. §265.494(7). Notably, resolution of this central common question will permit the Court to enter the relief sought in this case: a declaration that the Statute is unconstitutional on its face and as applied to Plaintiffs.

The *Strawser* and *Akron* decisions provide instructive analysis. Specifically, in finding that commonality was satisfied, the courts stated:

- "The question common to the entire Defendant Class is whether their enforcement of Alabama's laws barring same-sex couples from marriage violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The resolution of this question will resolve the claims against all of [the] members of the class in one stroke." *Strawser*, 307 F.R.D. at 612.

---

[4] The State argues further that the facial challenge to the statute does not present a common question because it lacks merit. Merits arguments do not relate to whether class certification is appropriate. *Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1041 (8th Cir. 2018). In any event, even if Plaintiffs are ultimately unsuccessful on the merits, the common question will be resolved.

4

- "This case presents one constitutional issue regarding one state statute: does H. B. 319 on its face violate due process by infringing upon the fundamental right of minor women to an abortion? This same constitutional issue obviously arises with respect to the enforcement of H.B. 319 by any Ohio prosecutor designated to perform this duty." *Akron*, 110 F.R.D. at 581.

Similarly, the central question common to the entire Defendant class here is whether their enforcement of the Statute to preclude Plaintiffs from marketing their products as "meat" analogues or using the term "meat" or related meat terminology (e.g. "chicken," "beef," "sausage") in their advertising, labeling, and packaging, violates Plaintiffs' constitutional rights. Because Tofurky has products throughout the state, the company faces prosecution by each member of the putative class.

Thus, the Court should find that the commonality requirement is satisfied.

### 3. Typicality and Adequacy of Representation

The State's arguments relating to typicality and adequacy of representation requirements significantly overlap. As such, Plaintiffs address them together.

Specifically, in an attempt to defeat typicality and adequacy of representation, the State argues that "the prosecutor that Plaintiffs have chosen as the representative of their proposed class is not typical of all the prosecutors in Missouri, because he presents no defense at all against the injunction." ECF No. 38 at 8. Furthermore, the State argues that "the proposed class omits the state official with the greatest incentive to defend and enforce the statute: the state Attorney General." *Id*; *see also* ECF No. 38 at 9-11.[5] The State's arguments cannot withstand scrutiny.

---

[5] The State's suggestion that the Attorney General should have been named as a defendant is a dramatic change in litigation position. When plaintiffs name the Attorney General in cases challenging the enforcement of misdemeanor laws, the Attorney General argues he *cannot* be named as defendant because the Attorney General does not prosecute misdemeanors. *See, e.g.*,

First, contemporaneous with the filing of the Complaint, Plaintiffs, as required, provided notice to the Attorney General of their claim of unconstitutionality. ECF No. 5. In turn, the State, through its Attorney General, filed a motion to intervene, which Plaintiffs did not oppose and which the Court granted. *See* ECF Nos. 20 and 33. In moving to intervene, the State argued that it had a right to intervene because its "interest will not be adequately protected by the existing parties." ECF No. 20 at 3–4. Consequently, the State's concern has now been mooted because the Court granted the State's motion to intervene and the State is now represented by the Attorney General who can vigorously litigate this matter. *See Strawser*, 307 F.R.D. at 613 (finding that typicality requirement was met despite concerns about probate judge serving as class representative, because "'any perceived weakness in [Judge Davis's] status as class representative stemming from [his] professed neutrality' 'are offset by the inclusion of [Attorney General Strange] as a named defendant' who is defending the statutes constitutionality"); *Akron*, 110 F.R.D. at 582 (finding that adequacy of representation was satisfied because, even though Rosen, a prosecutor and the putative class representative, had not "vigorously defended the constitutionality of the statute," "the state of Ohio, in the person of the attorney general" and as "intervening defendant," was able to "vigorously litigate[] the merits of the case").

---

*Calzone v. Hawley*, 866 F.3d 866, 870 (8th Cir. 2017) (holding Missouri Attorney General has Eleventh Amendment immunity against a suit that "does not seek to enjoin a statute that subjects him to imminent prosecution by the attorney general"); *Reprod. Health Servs. of Planned Parenthood of St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005); Ex. 1, Memorandum in Support of Motion to Dismiss, *Doe v. Nixon*, at 4–8. The State also argues that the Department of Agriculture should be a named defendant. However, the Department of Agriculture's role is not to prosecute or enforce the law. *See Balogh v. Lombardi*, 816 F.3d 536, 544 (8th Cir. 2016).

Second, the State's concerns about Mr. Richardson are moot because of the fact that, as the State recognizes, he has been replaced in office by Locke Thompson. ECF No. 38 at 16. In light of this change, the State has not carried its burden of establishing that there are any typicality or adequacy concerns with respect to Mr. Thompson, who is now automatically substituted under Federal Rule of Civil Procedure 25(d). In any event, to the extent the State sincerely believes that there is a legitimate concern about Mr. Thompson serving as a class representative, then Plaintiffs have no objection to any of the other Missouri prosecuting attorneys being named as class representatives.

In the end, the legislature chose to create a misdemeanor offense that implicates Plaintiffs' products. Criminal prosecution is what Plaintiffs seek to avoid by bringing this suit. In this state, misdemeanors are prosecuted by local prosecuting attorneys, not the Attorney General or the Department of Agriculture. Replicating this lawsuit against each prosecuting attorney is a waste of resources and could result in inconsistent judgments.

Thus, the Court should find that the typicality and adequacy of representation requirements are satisfied.

**II)** **The Proposed Defendant Class Satisfies All Rule 23(b) Requirements.**

Finally, the proposed Defendant Class also satisfies all Rule 23(b) requirements.

First, certification is appropriate under Rule 23(b)(1) because failure to certify the proposed Defendant Class would create a risk of establishing incompatible standards of conduct through inconsistent adjudications, or substantially impair the interests of individuals not party to the litigation. If the constitutionality of Mo. Rev. Stat. § 265.494(7) is challenged in numerous separate lawsuits against 115 Prosecuting Attorneys, then there is a possibility of inconsistent adjudications that will impair the constitutional rights of individuals who are not parties to the

litigation. *See Strawser*, 307 F.R.D. at 614 (finding that 23(b)(1)'s requirements were satisfied because "Plaintiffs do not seek compensatory damages and it is clear that the prosecution of separate actions by individuals would create a risk of inconsistent and varying adjudications").

Second, the State argues that Rule 23(b)(2) "does not provide grounds to certify a defendant class." ECF No. 38 at 14. This assertion, however, is directly refuted by *Strawser* and *Akron*. There, the courts certified defendant classes under Rule 23(b)(2) and stated:

- "All Plaintiff Class members have been harmed by being denied the ability of obtaining a marriage license and their injury can be properly addressed by class-wide injunctive relief." *Strawser*, 307 F.R.D. at 614.

- "The propriety of certifying the defendant class under Rule 23(b)(2) is clear" because the "only appropriate remedy" was injunctive relief against "all Ohio prosecutors charged with enforcement of H.B. 319." *Akron*, 110 F.R.D. at 583.

Similarly, this Court should certify the proposed Defendant Class because the only appropriate remedy is injunctive relief against all Missouri prosecutors, to enjoin them from enforcing the Statute against Plaintiffs for marketing their products as "meat" analogues or using the term "meat" or related meat terminology (e.g. "chicken," "beef," "sausage") in the advertising, labeling, and packaging of their products.

Third, the State argues that Rule 23(b)(3)'s predominance requirement is not satisfied because Plaintiffs "cannot even meet the commonality requirement of Rule 23(a)(2)." ECF 38 at 14. However, as previously established, Plaintiffs satisfy the commonality requirement because this case presents one central question common to the Defendant class; namely, whether their enforcement of the Statute to preclude Plaintiffs from marketing their products as "meat" analogues or using the term "meat" or related meat terminology (e.g. "chicken," "beef," "sausage") in the advertising, labeling, and packaging of their products violates Plaintiffs' constitutional rights. This question of law predominates over any other alleged individual

questions affecting the Defendant Class members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## **Conclusion**

For the foregoing reasons, Plaintiffs respectfully requests that this Court certify a Defendant Class of all Missouri Prosecuting Attorneys and appoint a representative of the Defendant Class. In the alternate, Plaintiffs seek leave to amend their complaint to individually name each Missouri prosecuting attorney as a defendant in his or her official capacity.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827
Jessie Steffan, #64861
Omri E. Praiss, #41850
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114

Gillian R. Wilcox, #61278
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938

Matthew Liebman*
Amanda M. Howell*
Alene Anello*
Animal Legal Defense Fund
525 E. Cotati Ave.
Cotati, California 94931
Phone: (707) 795-2533

Jessica Almy*
The Good Food Institute
1380 Monroe St. NW #229
Washington, DC 20010
Phone: (866) 849-4457

* admitted *pro hac vice*

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I certify that on January 18, 2019, I filed a copy of the foregoing electronically with the Court using the CM/ECF system, which sent notification to counsel.

/s/ Anthony E. Rothert